Joseph J. **PERLMUTTER** and Rosemary Perlmutter, Plaintiffs-Appellees,

v.

**HARMONY HOMES, INC., a Colorado corporation,**
Defendant-Cross-Claimant-Appellee,

and

**Frederick P. Blessing and Peak Engineering, Inc., a Colorado corporation, Defendants-Cross-Claimants-Appellants.**

No. 82CA0135.

Colorado Court of Appeals, Div. I.

Sept. 1, 1983.

Rehearing Denied Oct. 13, 1983.

**382**

Barash & LeHouillier, Patric J. LeHouillier, Colorado Springs, for plaintiffs-appellees.

Steven J. Barr, Colorado Springs, for defendants-cross-claimants-appellants.

BABCOCK, Judge.

The sole issue presented by this appeal is whether the trial court correctly applied the provisions of the Uniform Contribution Among Tortfeasors Act, §§ 13–50.5–101, et seq., C.R.S.1973 (1982 Cum.Supp.) to the judgment entered in favor of Joseph J. Perlmutter and Rosemary Perlmutter (plaintiffs) against Harmony Homes, Inc., (builder) and Frederick P. Blessing and Peak Engineering, Inc. (engineer).

Following trial, the court found that builder breached its implied warranty of habitability and was negligent in construction of the retaining wall, foundation, and drainage system of plaintiffs' house, and that engineer was negligent in the design of the foundation and drainage system. Judgment was entered accordingly.

Thereafter, engineer filed a motion for new trial claiming that plaintiffs' judgment against it should be reduced by the amount paid by builder to plaintiffs prior to trial in exchange for a release. After hearing, the court adjusted its original judgment. Plaintiffs were awarded damages in the amount of $67,037.75 against builder for breach of implied warranty of habitability. Plaintiffs were awarded damages in the amount of $44,427.33 against builder and engineer, jointly and severally, for negligence in construction and design, to be included in the $67,037.75 award. The court further ordered that plaintiffs were "entitled to execution against the [engineer] in the sum of $37,037.75 together with interest and costs, this sum representing the amount paid for the release [$30,-000] taken against the liability of [builder] on the whole."

■ The trial court's judgment with respect to execution against engineer is erroneous in two respects. First, builder's liability to plaintiffs is not $67,037.75 as determined by the trial court, but rather $30,-000 as agreed upon by plaintiffs and builder. By entering into the release, plaintiffs avoided the inherent risks of trial by assuring themselves recovery of $30,000 from builder. Although the trial court determined that plaintiffs suffered damages in the amount of $67,037.75, builder had, by the release, limited its liability to plaintiffs to $30,000.

■ Secondly, the trial court erred by reducing "builder's liability" by the amount

builder paid for the release. Section 13–50.5–105(1)(a), C.R.S.1973 (1982 Cum. Supp.), expressly provides that when a release is given to one of two or more persons liable in tort *"it reduces the claim against the others* to the extent of any amount stipulated by the release ... or in the amount of consideration paid for it, whichever is greater." (emphasis added) Accordingly, plaintiffs' claim against engineer, measured by the $44,427.33 judgment for which engineer is jointly liable, must be reduced by the $30,000 paid by builder for the release. *Kussman v. Denver,* 671 P.2d 1000 (Colo.App., 1983).

Although plaintiffs will not realize the total amount of damages awarded by the trial court, plaintiffs waived their right to that sum by releasing builder of liability in exchange for $30,000 prior to the trial court's determination of total damages. *See Duncan v. Pennington County Housing Authority,* 283 N.W.2d 546 (S.D.1979).

The cause is remanded and the trial court is directed to order entry of partial satisfaction of judgment against engineer in the sum of $30,000.00, *nunc pro tunc* to the date of judgment.

PIERCE and VAN CISE, JJ., concur.